## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER ATKINS and JOSEPH ATKINS, Individually, and as Parents and Next Friends of B.A. and C.A., | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action File No. <u>2:22-cv-117-HSO-BWR</u> |
| v. | ) | Jury Demanded |
| | ) | |
| TURNAGE AND SONS LLC, and JOHN TRACY HILL, | ) ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT FOR DAMAGES

Come now Plaintiffs HEATHER ATKINS and JOSEPH ATKINS, individually and as Parents and Next Friends of B.A. an C.A., by and through their counsel and file this Complaint for Damages against Defendants TURNAGE AND SONS LLC and JOHN TRACY HILL, showing this Honorable Court as follows:

## NATURE OF ACTION

1. This is an action for personal injury damages arising out of a collision involving a tractor-trailer that occurred on October 20, 2020, in Phenix City, Alabama.

2. As a result of this collision, Plaintiffs suffered severe and personal injuries.

## PARTIES, JURISDICTION, AND VENUE

3. At all times relevant to this litigation, Plaintiffs JOSEPH and HEATHER ATKINS have been citizens of the State of Alabama.

4. At all times relevant to this litigation, Defendant TURNAGE AND SONS, LLC, ("TURNAGE AND SONS"), has been an incorporated entity registered to do business in the state of Mississippi. Its principal place of business is 67 Easley Fortenberry Rd., TYLERTOWN, MS 39667.  It may be served with process by serving its registered agent Robbie Turnage, 420 Hobgood Road, Tylertown, MS 39667.

5. At all relevant times, Defendant TURNAGE AND SONS was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Mississippi, including in and through the Southern District of Mississippi.

6. Defendant JOHN TRACY HILL was the driver of the tractor trailer involved in the subject collision that occurred in Alabama.  His address is 68A SAM THOMAS RD, TYLERTOWN MS 39667-5047. Therefore, he is a citizen of Mississippi.  Defendant JOHN TRACY HILL may be served with legal process at his address. Once served, Defendant JOHN TRACY HILL is subject to the jurisdiction and venue of this Court.

7. This Court has subject matter jurisdiction over the claims asserted in this

Complaint.

8. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9. There is complete diversity among the parties and Plaintiffs do not reside in the same state as any Defendant.

10. Defendants are subject to the jurisdiction and venue of this Court pursuant to 28 U.S.C § 1332, 28 USC § 1391(b) and other applicable law.

## FACTS

11. This lawsuit is based on a motor vehicular collision occurring on or about October 20, 2020, on US HWY 431 North in Phenix City, Alabama (hereinafter referred to as "The Collision").

12. At approximately 8:45 p.m., Defendant JOHN TRACY HILL was traveling northbound on US HWY 431 North driving a tractor trailer owned by Defendant TURNAGE AND SONS.

13. The Truck being operated by Defendant JOHN TRACY HILL was a commercial motor vehicle as defined under the Federal Motor Carrier Safety Regulations.

14. When Defendant JOHN TRACY HILL approached the intersection of US HWY 80, he had a red traffic light.

15. Defendant JOHN TRACY HILL did not stop at the intersection even though

he had a red light.

16. Plaintiffs' vehicle had a green light at the intersection and proceeded to head through the intersection.

17. Defendant JOHN TRACY HILL's tractor trailer ran into the Plaintiffs' vehicle in the middle of the intersection.

18. Defendant JOHN TRACY HILL was found at fault by responding police for running the red light and causing the Collision.

19. The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.

20. Upon information and belief, at the time of the collision, Defendant JOHN TRACY HILL was working in the course and scope of his employment for Defendant TURNAGE AND SONS.

21. As a result of the collision, Plaintiffs suffered serious, severe, and life altering injuries and damages.

## **LIABILITY OF DEFENDANTS**

### **COUNTS ONE and TWO**
### **(JOHN TRACY HILL's Negligence and Negligence *Per Se*)**

22. Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

23. At all times material hereto, Defendant JOHN TRACY HILL was a professional driver with a commercial driver's license.

24. At all times material hereto, Defendant JOHN TRACY HILL was driving a non-exempt commercial motor vehicle in interstate commerce.

25. At all times material to this action, Defendant JOHN TRACY HILL had a legal duty to adhere to Alabama traffic laws.

26. At all times material to this action, Defendant JOHN TRACY HILL had a legal duty to adhere to Mississippi and Alabama trucking safety regulations.

27. At all times material to this action, Defendant JOHN TRACY HILL had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

28. At all times material to this action, Defendant JOHN TRACY HILL had a legal duty to adhere to trucking industry standards.

29. At all times material to this action, Defendant JOHN TRACY HILL had a duty to operate his commercial vehicle in a safe and prudent manner.

30. At all times material to this action, Defendant JOHN TRACY HILL had a duty to act in accordance with his training as a professional commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiffs and the motoring public.  This duty included keeping a proper lookout, paying attention, keeping a safe distance from vehicles in front of him, and operating his commercial vehicle at a reasonable and prudent speed

in accordance with the conditions of the roadway, traffic, visibility and all traffic laws and regulations.

31. Defendant JOHN TRACY HILL breached his duties and was negligent in the operation of the tractor-trailer he was driving in at least the following ways:

    (a)  Failing to yield;

    (b)  Failing to obey traffic control devices;

    (c)  Failing to keep a proper lookout for vehicles and traffic ahead;

    (d)  Failing to perform a proper visual search;

    (e)  Failing to properly manage his space;

    (f)  Failing to use proper hazard perception techniques;

    (g)  Failing to timely perceive and properly react to avoid Plaintiffs' vehicle;

    (h)  Failing to drive at a safe and reasonable speed under the conditions;

    (i)  Failing to drive defensively;

    (j)  Operating a motor vehicle while distracted;

    (k)  Operating a motor vehicle while fatigued;

    (l)  Failing to operate the vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiffs, in particular, in grave danger;

(m) Failing to adhere to safe driving principles expected of commercial drivers;

(n) Failing to operate the truck in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;

(o) Failing to operate the truck in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

(p) Violating Alabama Code Title 32. Motor Vehicles and Traffic § 32-5A-32 and any other violations, each of which constitute negligence *per se*;

(q) Violating Federal Motor Vehicle Safety Regulations;

(r) Otherwise failing to act reasonably and prudently as the driver of a commercial motor vehicle the circumstances;

(s) Failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations in violation of 49 C.F.R. § 383.111;

(t) Failing to have required knowledge of vehicle operation in violation of 49 C.F.R. 383.111;

(u) Failing to have required skills in vehicle operation in violation of 49 C.F.R. 383.113;

     (v)    Failing to have knowledge and compliance with the regulations in violation of 49 C.F.R. 390.3;

     (w)   Failing to operate his vehicle and equipment in accordance with of 49 C.F.R. 392.2;

     (x)    Operating his vehicle while fatigued in violation of 49 C.F.R. 392.3;

     (y)    Failing to meet general qualifications in violation of 49 C.F.R. 394.11; and

     (z) Such other specifications of negligence that shall be added by amendment or proven at trial.

32. As a direct and proximate result of the negligence and negligence per se of Defendant JOHN TRACY HILL, Plaintiffs sustained personal injuries and endured severe pain and suffering.

33. By virtue of his negligence, Defendant JOHN TRACY HILL is liable to PLAINTIFFS for all economic and non-economic damages allowed by law that were proximately caused by the negligence of Defendant JOHN TRACY HILL, including without limitation damages for property damage, medical bills, lost wages, and pain and suffering.

## COUNT THREE

### (*Respondeat Superior* Against TURNAGE AND SONS)

34. Plaintiffs incorporate herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

35. At all times material hereto, Defendant JOHN TRACY HILL was an employee or agent of Defendant TURNAGE AND SONS.

36. At all times material hereto, Defendant JOHN TRACY HILL was acting within the course and scope of his employment or agency with Defendant TURNAGE AND SONS.

37. At all times material hereto, Defendant JOHN TRACY HILL was operating a commercial vehicle owned (or exclusively controlled) by Defendant TURNAGE AND SONS.

38. At all times material hereto, Defendant JOHN TRACY HILL was operating a commercial vehicle with the permission of Defendant TURNAGE AND SONS.

39. At all times material hereto, Defendant JOHN TRACY HILL was operating a commercial vehicle in furtherance of the business and financial interests of Defendant TURNAGE AND SONS.

40. Defendant TURNAGE AND SONS is liable for the negligent actions and

omissions of Defendant JOHN TRACY HILL pursuant to the doctrine of *respondeat superior* and the rules of agency.

41. Defendant TURNAGE AND SONS is liable to Plaintiffs for all damages sustained as a direct and proximate result of the negligence of Defendant JOHN TRACY HILL.

42. Defendant TURNAGE AND SONS is liable to PLAINTIFFS for all economic and non-economic damages allowed by law that were proximately caused by the negligence of Defendant JOHN TRACY HILL, including without limitation damages for property damage, medical bills, lost wages, and pain and suffering.

## COUNT FOUR
### (Negligence of TURNAGE AND SONS)

43. Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

44. At all relevant times, Defendant TURNAGE AND SONS was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

45. At all relevant times, Defendant TURNAGE AND SONS was a motor carrier as defined by Mississippi law.

46. At all relevant times, Defendant TURNAGE AND SONS had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

47. At all relevant times, Defendant TURNAGE AND SONS had a legal duty to comply with Mississippi's trucking safety regulations.

48. At all relevant times, Defendant TURNAGE AND SONS had a legal duty to comply with all trucking industry standards and practices.

49. As an employer and Motor Carrier, Defendant TURNAGE AND SONS had certain duties, some imposed by regulations and others by industry standards and practices, in connection with the hiring, qualifying, training, entrusting, supervising and retaining Defendant JOHN TRACY HILL.

50. Defendant TURNAGE AND SONS breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Defendant JOHN TRACY HILL.

51. As a direct and proximate result of Defendant TURNAGE AND SONS'S negligence, PLAINTIFFS suffered catastrophic personal injuries that resulted severe pain and suffering.

52. Defendant TURNAGE AND SONS is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiffs in this case.

53. Defendant TURNAGE AND SONS is liable to PLAINTIFFS for all economic and non-economic damages allowed by law that were proximately caused by its negligence, including without limitation damages for property damage, medical bills, lost wages, and pain and suffering.

## COUNT SEVEN

### (Punitive Damages against Defendants)

54. Plaintiffs incorporate all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

55. Defendants JOHN TRACY HILL and/or TURNAGE AND SONS have been guilty of conduct that was outrageous, and demonstrated a complete indifference to or conscious disregard for the safety of PLAINTIFFS and others.

56. Defendants' misconduct is so aggravating it authorizes, warrants, and demands the imposition of substantial punitive damages.

## DAMAGES

57. Plaintiffs incorporate herein by reference the allegations of the previous paragraphs as if each were fully set forth herein in their entirety.

58. Mississippi law applies to this action and controls the damages and losses sustained in the collision described above.

59. Each of the Defendants acted in a manner which either alone, or combined and concurring with the actions of the other Defendants' acts of negligence, directly and proximately caused the incident described above and resulting serious injuries to Plaintiffs.

60. As a direct and proximate result of the above-described negligence of Defendants, Plaintiffs' injuries include, but are not limited to the following, bodily injuries, incurred medical expenses, lost wages, pain and suffering past and present.

61. Defendants' negligence is the sole and proximate cause of the injuries, damages and losses set forth above.

62. Defendants are liable to Plaintiffs for all of the injuries, damages and losses set forth herein.

## **PRAYER FOR RELIEF**

63. WHEREFORE Plaintiffs pray for the following relief:

(a)    A trial by jury on all issues in this case;

(b)    That summons issue requiring the Defendants to appear as provided by law to answer this Complaint;

(c)    That judgment be entered in favor of Plaintiffs and against Defendants;

(d)    That Plaintiffs have and recover all damages for all losses compensable under Mississippi law as set forth above;

(e)    For Plaintiffs to be awarded their special damages including past medical expenses in an amount to be shown by the evidence at trial;

(f)    For Plaintiffs to be awarded their general damages in an amount to be

determined by the enlightened conscience of an impartial jury at trial;

(g)     That all attorneys' fees, expenses, and costs be cast against the Defendants;

(h)     That service be had on the Defendants as provided by law;

(i)     That the Court award punitive damages against Defendants;

(j)     That all expenses of litigation, including attorney's fees, be cast against the Defendants; and

(k)     For such other and further relief as the Court deems just and proper

Respectfully submitted,

**Merkel & Cocke, P.A.**

  */s/ Charles M. Merkel, III*
Charles M. Merkel, III
Mississippi Bar No. 99207
30 Delta Avenue
Post Office Box 1388
Clarksdale, Mississippi 38614
Phone: 662-627-9641
Email: cmerkel3@merkel-cocke.com

**FRIED GOLDBERG LLC**

*/s/ Briant Mildenhall*
Briant Mildenhall
Georgia Bar No. 790507
Three Alliance Center
3550 Lenox Rd., N.E. Ste. 1500
Atlanta, GA 30326-4302
(877) 591 – 1801

(404) 591 – 1801 (Fax)
Email: <u>bmildenhall@friedgoldberg.,com</u>
**ATTORNEYS FOR PLAINTIFFS**
(*Pro Hac Vice* Motion Forthcoming)